UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH SNOWDEN,

                    Plaintiff,                         <u>SCHEDULING ORDER</u>

          v.                                           19-CV-6814W

THE TOWN OF WEBSTER, a municipal entity,
et al.,

                    Defendants.

_____

          Pursuant to the order of the Hon. Elizabeth A. Wolford, United States District

Judge, referring the above case to the undersigned for pretrial procedures and the entry of a

scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference

having been held on December 11, 2019 with counsel relative to the matter, it is ORDERED that:

          1.     This case has been referred automatically to the Court's Alternative

Dispute Resolution ("ADR") program.  The ADR Plan and related forms and information are

available at www.nywd.uscourts.gov and the Court Clerk's Office.

                    (a)     No later than **January 8, 2020**, the parties shall confer and select a

                            mediator, confirm the mediator's availability, ensure that the

                            mediator does not have a conflict with any of the parties in the

                            case, identify a date and time for the initial mediation session, and

                            file a stipulation confirming their selection on the form provided by

                            the Court.  If the parties fail to so stipulate, the Court shall appoint

                            an ADR neutral.

(b)     Any motions to opt out of the ADR process shall be filed **January 31, 2020**.

(c)     The initial mediation session shall be held no later than **March 4, 2020**.

(d)     The referral to mediation shall terminate on **May 4, 2020**.  In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

(e)     The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2.      All mandatory disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed on or before **January 15, 2020**.

3.      All motions to join other parties and to amend the pleadings shall be filed on or before **April 1, 2020**.  Any third party action shall be commenced on or before **April 1, 2020**.

4.      A **status conference** will be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on **August 11, 2020**, at **11:20 a.m.**, to discuss the status of the case and the possibility of settlement.

5.      All factual discovery in this case, including depositions, shall be completed on or before **August 31, 2020**.  All motions to compel discovery shall be filed at least thirty (30) days <u>prior</u> to the factual discovery cutoff.

2

6.      Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **September 30, 2020**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **October 30, 2020**. Parties shall complete all discovery relating to experts, including depositions, by **November 30, 2020**.

7.      Dispositive motions, if any, shall be filed no later than **January 29, 2021**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Wolford.

8.      A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1)      Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

3

    (2)    <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending?  If so, briefly describe the motion.  Explain if additional motion practice is necessary before the matter is ready to be tried.

    (3)    <u>Settlement</u>: Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

    (4)    <u>Trial</u>: State whether the case is ready for trial.  If not, explain why.  Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension.  Application for extensions should be made to the Magistrate Judge.  Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court.  Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

Marian W Payson

_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      December <u>11</u>, 2019

4